UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| CLYDE HALL a.k.a. ) | |
| CLYDE WILLIAMS HALL, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 17-2467 (ABJ) |
| ) | |
| JEFFERSON SESSIONS, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## MEMORANDUM OPINION

Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution in Otisville, New York, seeking a writ of habeas corpus. In his application titled "Habeas Corpus Petition, Under Federal Rules of Civil Procedure, Rule 81(a)(4)," petitioner states that he pled guilty in the U.S. District Court for the Southern District of New York to one count of conspiracy to commit wire fraud, three counts of wire fraud, and one count of conspiracy to commit bankruptcy fraud. Pet. ¶ 2. He was sentenced on October 27, 2010, to a prison term of 240 months, followed by three years of supervised release. *Id.* Petitioner challenges the jurisdiction not only of the sentencing court but of all "courts of the United States," which he posits "were created by legislature and only have jurisdiction over the ten miles square of the District of Columbia, its territories and possessions[.]" *Id.* ¶ 5.

Petitioner has been told at least twice that this Court cannot entertain his habeas petition because he was not sentenced here. *See Hall v. Lynch*, No. 16-cv-473 (APM) (D.D.C. Apr. 18, 2016), quoting 28 U.S.C. § 2255(a) ("As a general rule applicable here, 'a prisoner in custody

1

under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.' "); *Hall v. S. Million*, No. 15-cv-1176 (RDM) (D.D.C. Oct. 27, 2015) ("To the extent that a remedy is available to the petitioner, his claim must be addressed to the sentencing court—here, the U.S. District Court for the Southern District of New York—in a motion under 28 U.S.C. § 2255.").   The same holds true for this third petition.   Therefore, this case will be dismissed.   An order will issue separately.


AMY BERMAN JACKSON

DATE:   December 12, 2017                    United States District Judge